UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-21437-CIV-MORENO

LEE SILBER,

    Plaintiff,

vs.

U.S. ATTORNEY MIAMI, FL,

    Defendant.
_____/

## ORDER DISMISSING CASE AND DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. For the reasons set forth below, this case is DISMISSED. Additionally, all pending motions are DENIED AS MOOT.

Plaintiff has not paid the appropriate filing fee in filing his complaint. Accordingly, the Court will construe Plaintiff's complaint as an *in forma pauperis* complaint. In his complaint, Plaintiff alleges that Defendant U.S. Attorney Miami, FL engaged in activity constituting obstruction of justice.

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." Although the statute uses the term "prisoner," "§ 1915 applies to non-prisoner indigent litigants as well as prisoners." *Davis v. Signius Inv. Corp./Answernet*, No. 1:12-cv-04143-TWT-AJB, 2013 U.S. Dist. LEXIS 49047, at *2 n.2 (Feb. 26, 2013) (citing *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998); *Mitchell v. Farcass*,

112 F.3d 1483, 1491 n.1 (11th Cir. 1997)).

According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is founded on an indisputably meritless legal theory. *Id.* at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *Id.* at 327-28. Finally, this Court also notes that a *pro se* plaintiff must be given greater leeway in pleading her complaint. *Haines v. Kerner*, 404 U.S. 519 (1972).

Mindful of these principles, the Court proceeds to evaluate Plaintiff's *in forma pauperis* complaint. In this case, the complaint contains nothing more than cursory, incoherent allegations that the U.S. Attorney's failure to consider evidence of a professional wrestler's death threats against Plaintiff constituted obstruction of justice. Plaintiff's complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it does not contain "an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 327. After reviewing the entire complaint, the Court concludes that the claims are indisputably meritless. Furthermore, the complaint does not adequately state a claim under the heightened

pleading requirements of Federal Rule of Civil Procedure 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, it is

**ADJUDGED** that this case is DISMISSED, and all pending motions are DENIED AS MOOT. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of April, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

Lee Silber
900 NW 6 Avenue
Apt. 148
Florida City, FL 33034
(786) 427-9361
Pro Se

U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9001